Caleb Marker (SBN 269721)
ZIMMERMAN REED LLP
6420 Wilshire Blvd., Suite 1080
Los Angeles, CA 90048
Tel: (877) 500-8780
Fax: (877) 500-8781
Email: caleb.marker@zimmreed.com

Jeffrey J. Harrington (*Pro hac vice*)
ZIMMERMAN REED LLP
80 South 8th Street, 1100 IDS Center
Minneapolis, MN 55402
Tel: (612) 341-0400
Fax: (612) 341-0844
Email: jeffrey.harrington@zimmreed.com

*Attorneys for Petitioners*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH AMESCUA, et al.,<br><br>　　　　　　Petitioners,<br><br>v.<br><br>PEACOCK TV LLC,<br><br>　　　　　　Respondent. | Case No.: 2:23-CV-09573-PA (AGRx)<br><br>*Assigned to the Honorable Percy Anderson*<br><br>**PETITIONERS' REPLY IN SUPPORT OF MOTION TO REMAND**<br><br>*Motion previously noticed for January 8, 2024, but with the Hon. Mark C. Scarsi. See Doc. No. 14.*<br><br>Date:　　　　January 8, 2024<br>Time:　　　　1:30 p.m.<br>Courtroom:　　9A, 9th Floor<br><br>Date Action Filed: November 13, 2023 |

**TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................. 1

II. REPLY DISCUSSION ..................................................................................... 1

    A. There Is No Diversity Jurisdiction Over the Petition ................................. 1

        1. Petition Has No Pecuniary Value, and the Court Has No Authority to "Look Through" the Petition to Determine an Amount in Controversy 1

        2. Respondent's Arguments for Diversity Jurisdiction Lack Merit ............ 3

        3. The Amount in Controversy Is Not Apparent from the Petition ............ 6

    B. There Is No Federal Question Jurisdiction .................................................. 9

III. CONCLUSION ............................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*ADT, L.L.C. v. Richmond*,
  18 F.4th 149 (5th Cir. 2021) ........................................................................... 2, 3

*American Guaranty v. Caldwell*,
  72 F.2d 209 (9th Cir. 1934) ............................................................................ 4, 5

*Amtax Holdings v. KDF Communities-Hallmark, LLC*,
  No. 8:17-cv-01899, 2018 WL 4743386 (C.D. Cal. Jan. 9, 2018) ....................... 5

*Anoke v. Twitter, Inc.*,
  No. 23-CV-02217, 2023 WL 4234392 (N.D. Cal. June 27, 2023) ..................... 2

*ARCO Env't Remediation, L.L.C. v. Dep't of Health*,
  213 F.3d 1108 (9th Cir. 2000) ....................................................................... 7, 8

*Arthur v. Evansville Anesthesia*,
  No. 18-cv-00116, 2018 WL 3867091 (S.D. Ind. Aug. 15, 2018) ....................... 2

*Atl. Fruit Co. v. Red Cross Line*,
  276 F. 319 (S.D.N.Y. 1921), *aff'd*, 5 F.2d 218 (2d Cir. 1924) .......................... 1

*Badgerow v. Walters*,
  596 U.S. 1 (2022) ................................................................................. 2, 10, 11

*Biller v. Toyota Motor Corp.*,
  668 F.3d 655 (9th Cir. 2012) ............................................................................ 10

*Broadway Grill, Inc. v. Visa Inc.*,
  856 F.3d 1274 (9th Cir. 2017) ............................................................................ 8

*Canela v. Costco Wholesale Corp.*,
  971 F.3d 845 (9th Cir. 2020) ............................................................................. 8

*Caterpillar Inc. v. Williams*,
  482 U.S. 386 (1987) ........................................................................................... 9

*Chamber of Com. of the United States of Am. v. Bonta*,
  62 F.4th 473 (9th Cir. 2023) ...................................................................... 11, 12

*CMH Homes, Inc. v. Goodner*,
   729 F.3d 832 (8th Cir. 2013) .......................................................................... 2, 3

*Cohn v. Petsmart, Inc.*,
   281 F.3d 837 (9th Cir. 2002) ............................................................................. 5

*Dart Cherokee v. Owens*,
   574 U.S. 81 (2014) ............................................................................................ 6

*Davenport v. Procter & Gamble Mfg. Co.*,
   241 F.2d 511 (2d Cir. 1957) ..................................................................... 1, 3, 4

*Doctor's Associates, Inc. v. Hamilton*,
   150 F.3d 157 (2d Cir. 1998) .............................................................................. 5

*Dunbar v. Airbnb, Inc.*,
   No. 21-cv-00451, 2022 WL 17067455 (D. Haw. Nov. 17, 2022) ..................... 4

*Gaus v. Miles, Inc.*,
   980 F.2d 564 (9th Cir.1992) .............................................................................. 8

*Goldman, Sachs & Co. v. Golden Empire Schools Fin. Auth.*,
   764 F.3d 210 (2d Cir. 2014) .............................................................................. 5

*Goodman v. CIBC Oppenheimer*,
   131 F. Supp. 2d 1180 (C.D. Cal. 2001), *overruled on other grounds as recognized in Brezden v. Associated Sec. Corp.*, No. 09-cv-2771, 2009 WL 1531850 (C.D. Cal. June 1, 2009) ............................................................................................................. 4

*Hall Street Associates v. Mattel, Inc.*,
   552 U.S. 576 (2008) ........................................................................................ 10

*Hall v. Eichenlaub*,
   559 F. Supp. 2d 777 (E.D. Mich. 2008) ........................................................ 4, 5

*Hart v. Massanari*,
   266 F.3d 1155 (9th Cir. 2001) ........................................................................... 4

*Hawaii v. HSBC Bank Nevada, N.A.*,
   761 F.3d 1027 (9th Cir. 2014) ........................................................................... 9

*Ibarra v. Manheim Invs.*,
   775 F.3d 1193 (9th Cir. 2015) ........................................................................... 7

*In re Burlington N. Santa Fe Ry. Co.*,
  606 F.3d 379 (7th Cir. 2010) .................................................................................. 8

*In re Red Cross Line*,
  277 F. 853 (S.D.N.Y. 1921) .................................................................................... 1

*Johnson v. Gruma Corp.*,
  614 F.3d 1062 (9th Cir. 2010) .............................................................................. 11

*Jumara v. State Farm Ins. Co.*,
  55 F.3d 873 (3d Cir. 1995) ................................................................................. 4, 5

*L.A. Fitness Int'l LLC v. Harding*,
  No. 09-cv-5537, 2009 WL 3676272 (W.D. Wash. Nov. 2, 2009) ......................... 4

*Langere v. Verizon Wireless Servs., LLC*,
  983 F.3d 1115 (9th Cir. 2020) ................................................................................ 3

*Marchant v. Mead-Morrison Mfg. Co.*,
  7 F.2d 511 (S.D.N.Y. 1925), *aff'd*, 11 F.2d 368 (2d Cir. 1926) .............................. 1

*Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*,
  858 F.2d 1376 (9th Cir. 1988) ................................................................................ 6

*Moses H. Cone v. Mercury Constr.*,
  460 U.S. 1 (1983) ................................................................................................. 11

*Munson v. Straits of Dover, S.S. Co.*,
  102 F. 926 (2d Cir. 1900) ....................................................................................... 1

*Optimum Prods. v. Home Box Off.*,
  No. 19-cv-1862, 2019 WL 2331466 (C.D. Cal. May 23, 2019) ............................ 6

*Ortiz-Espinosa v. BBVA Sec. of Puerto Rico, Inc.*,
  852 F.3d 36 (1st Cir. 2017) .................................................................................. 10

*Renard v. Ameriprise Fin. Servs., Inc.*,
  778 F.3d 563 (7th Cir. 2015) ............................................................................... 10

*Sekhon v. BAC Home Loans Servicing LP*,
  519 F. App'x 971 (9th Cir. 2013) ...................................................................... 5, 6

*Snyder v. Harris*,
   394 U.S. 332 (1969) ............................................................................................... 8

*St. Paul Mercury Indem. Co. v. Red Cab Co.*,
   303 U.S. 283 (1938) ........................................................................................... 8, 9

*Theis Research v. Brown & Bain*,
   400 F.3d 659 (9th Cir. 2005) ................................................................................ 4

*Vaden v. Discover Bank*,
   556 U.S. 49 (2009) ............................................................................................ 2, 5

*Volt Info. v. Bd. of Trs.*,
   489 U.S. 468 (1989) ............................................................................................ 11

*Webb v. Investacorp, Inc.*,
   89 F.3d 252 (5th Cir. 1996) .................................................................................. 5

*Wilkins v. PayPal, Inc.*,
   No. 23-CV-02931-VKD, 2023 WL 5420228 (N.D. Cal. Aug. 22, 2023) ................... 11

**Statutes**

9 U.S.C. § 4 ................................................................................................... 2, 3, 5

28 U.S.C. § 1441(a) ............................................................................................. 8

28 U.S.C. § 1331 ................................................................................................. 2

Cal. Civ. Code § 1799.3 ...................................................................................... 6

**Other Authorities**

*Enforcement of State Arbitration Laws in Federal Courts*,
   42 Harv. Law Rev. 801 ........................................................................................ 4

*Jurisdictional Amount in the United States District Court*,
   38 Harv. L. Rev. 733 (1925) ................................................................................. 4

## I. INTRODUCTION

This Court should remand this matter. While Respondent attempts to distract the Court away from the Petition and towards the underlying arbitration demands, the law clearly requires this Court to remand due to lack of subject matter jurisdiction.

## II. REPLY DISCUSSION

### A. There Is No Diversity Jurisdiction Over the Petition

#### 1. Petition Has No Pecuniary Value, and the Court Has No Authority to "Look Through" the Petition to Determine an Amount in Controversy

Before the FAA was passed in 1925, courts found that "[t]he value of an arbitration is one of convenience. No pecuniary value can be given to it, and a breach can only result in nominal damages…. Such a cause of action cannot be removed." *In re Red Cross Line*, 277 F. 853, 856 (S.D.N.Y. 1921), *disapproved of by Davenport v. Procter & Gamble Mfg. Co.*, 241 F.2d 511 (2d Cir. 1957) (post-FAA case); *see also Marchant v. Mead-Morrison Mfg. Co.*, 7 F.2d 511, 511 (S.D.N.Y. 1925), *aff'd*, 11 F.2d 368 (2d Cir. 1926) (following *In re Red Cross Line*); *Atl. Fruit Co. v. Red Cross Line*, 276 F. 319, 321 (S.D.N.Y. 1921), *aff'd*, 5 F.2d 218 (2d Cir. 1924) ("[C]ourts had treated a mere agreement to arbitrate as a collateral undertaking giving rise to an action for nominal damages for breach but not barring a proceeding at law."); *Munson v. Straits of Dover, S.S. Co.*, 102 F. 926, 927–28 (2d Cir. 1900) ("[T]here are no adjudged cases in which there has been a recovery when the breach consisted merely in the refusal to enter upon an arbitration. The explanation is doubtless to be referred to the impossibility of proving substantial damages…. Upon the facts stated in the libel, we are unable to see how the appellant is entitled to more than nominal damages.").

The FAA expanded a federal court's determination of its jurisdiction beyond the petition to compel arbitration (and its nominal breach of contract damages) to the underlying controversy. Section 4 of the FAA provides that a party to an arbitration agreement, who was aggrieved by the refusal of another to arbitrate, could file a petition in "United States District Court which, *save for such [arbitration] agreement, would have*

*jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties*." 9 U.S.C. § 4 (emphasis added).

When a petition to compel arbitration is filed under the FAA, courts "look through" the petition, which has "no pecuniary value," to the "underlying substantive controversy" between the parties—even though that controversy is not before the court. *Badgerow v. Walters*, 596 U.S. 1, 4–5, (2022) (citing *Vaden v. Discover Bank*, 556 U.S. 49 (2009)). "If the underlying dispute falls within the court's jurisdiction—for example, by presenting a federal question—then the court may rule on the petition to compel. That is so regardless whether the petition alone could establish the court's jurisdiction." *Id.*

Under Section 4 of the FAA, courts may "look through" a petition to determine both whether there is the requisite amount in controversy for diversity jurisdiction and whether there is federal question jurisdiction. Section 4 makes this clear that a federal court may hear a petition to compel arbitration only if, "save for" the arbitration agreement, it would "*have jurisdiction under title 28*…of the subject matter of a suit." 9 U.S.C. § 4 (emphasis added). Title 28 includes *both* federal question and diversity jurisdiction. *See* 28 U.S.C. §§ 1331 (federal question), 1332 (diversity jurisdiction); *see also ADT, L.L.C. v. Richmond*, 18 F.4th 149, 154 n.6 (5th Cir. 2021) (recognizing Section 4 applies to determinations of diversity jurisdiction and federal question jurisdiction); *CMH Homes, Inc. v. Goodner*, 729 F.3d 832, 836 (8th Cir. 2013) (same).

Courts cannot, however, "look through" petitions not made under Section 4 of the FAA because this unique approach is justified only by the text of Section 4. *See Badgerow*, 142 S. Ct. at 1315–1322 (holding that the "look through" approach does not apply when a court determines whether it has federal jurisdiction over applications to confirm, vacate, or modify arbitral awards under Sections 9 and 10 of the FAA); *see also Anoke v. Twitter, Inc.*, No. 23-CV-02217, 2023 WL 4234392, at *3 (N.D. Cal. June 27, 2023); *Arthur v. Evansville Anesthesia*, No. 18-cv-00116, 2018 WL 3867091, at *2 (S.D. Ind. Aug. 15, 2018).

Thus, the law is clear: A petition to compel arbitration has no pecuniary value in

and of itself, but courts are able to "look through" the petition to find jurisdiction in an underlying action if the petition is filed under Section 4 of the FAA. In this case, however, the Petition has no pecuniary value, and it is not filed under Section 4 of the FAA. Rather, the Petition was filed under Section 1281.2 of the CAA. Therefore, the Court has no authority to "look through" the CAA Petition to the underlying arbitration demands to find an amount in controversy to satisfy diversity jurisdiction.

### 2.   Respondent's Arguments for Diversity Jurisdiction Lack Merit

Respondent makes several arguments for why this court may "look through" the Petition to find an amount in controversy in the underlying arbitration demands. None of its arguments have merit.

First, Respondent argues that *Vaden* and *Badgerow* apply only to determinations of federal question jurisdiction. Respondent thus claims that courts may "look through" non-FAA Section 4 petitions on questions of the requisite amount in controversy. Mem. in Opp'n at 4. However, as noted above, *Vaden* and *Badgerow*, limits "look through" authority to Section 4 petitions and the Court's holdings apply to determinations about the amount in controversy. Thus, there must be a FAA Section 4 petition before a court may "look through" the petition to determine the amount of controversy. *See ADT*, 18 F.4th at 154 n.6; *CMH Homes*, 729 F.3d at 836.

Second, Respondent argues that "decades of precedent long predating *Vaden* make clear that 'the court should look through to the possible award resulting from the desired arbitration' in determining the jurisdictional amount under § 1332." Mem. in Opp'n at 4. Respondent quotes *Davenport v. Procter & Gamble*, 241 F.2d 511, 514 (2d Cir. 1957). *Davenport* is of no help to Respondent—it has been overruled by *Vaden* and *Badgerow*, which both held that courts may look through only a FAA Section 4 petition. *See Langere v. Verizon Wireless Servs., LLC*, 983 F.3d 1115, 1121 (9th Cir. 2020) (stating that Circuit "precedent becomes effectively overruled by a Supreme Court decision that is closely on point, even if the decision does not do so expressly…. Importantly, this deference extends to the reasoning of Court decisions, too—not just their holdings.").

*Davenport* also rested on shaky ground even before being overruled by *Vaden* and *Badgerow*. *Davenport* cites a 1929 Harvard Law Review article in support, but the 1929 article cites **Section 4** of the FAA. *See Davenport*, 241 F.2d at 514 (citing Note, *Enforcement of State Arbitration Laws in Federal Courts*, 42 Harv. Law Rev. 801); *Enforcement*, 42 Harv. L. Rev. at 803 n.23. The article itself cites a 1925 Harvard Law Review article, which cites *In re Red Cross Line* for the proposition that "[w]hen…the right asserted 'is utterly incapable of being reduced to pecuniary standard of value,' there is no jurisdiction under the [jurisdictional amount in controversy] statute in question." *See Enforcement*, 42 Harv. L. Rev. at 803 n.23 (citing Armistead M. Dobie, *Jurisdictional Amount in the United States District Court*, 38 Harv. L. Rev. 733, 752 (1925)). Thus, *Davenport* is based on authority that directly undercuts its reasoning.[1]

Third, Respondent claims that "[c]ourts in the Ninth Circuit widely apply this rule [the overruled rule announced in *Davenport*] to the full range of arbitration petitions." Mem. in Opp'n at 5–6. Respondent cites several cases, but none withstand scrutiny:

(1) *Theis Research v. Brown & Bain*, 400 F.3d 659 (9th Cir. 2005) dealt with a petition to vacate an arbitration award (not a petition to compel arbitration) and it has been overruled by *Badgerow*. *Dunbar v. Airbnb, Inc.*, No. 21-cv-00451, 2022 WL 17067455, at *5 (D. Haw. Nov. 17, 2022) ("It may be that this aspect of *Theis Research* is no longer good law after *Badgerow*.").

(2) *American Guaranty v. Caldwell*, 72 F.2d 209 (9th Cir. 1934) dealt with a petition to confirm an arbitration award (not a petition to compel arbitration) and it has been held to its facts. *See Goodman v. CIBC Oppenheimer*, 131 F. Supp. 2d 1180, 1184 (C.D. Cal. 2001), *overruled on other grounds as recognized in Brezden v. Associated Sec.*

---

[1] This Court is not bound by *Davenport* and should not follow it. *Hall v. Eichenlaub*, 559 F. Supp. 2d 777, 782 (E.D. Mich. 2008); *cf. Hart v. Massanari*, 266 F.3d 1155, 1172–73 (9th Cir. 2001). Respondent cites *L.A. Fitness Int'l LLC v. Harding*, No. 09-cv-5537, 2009 WL 3676272, (W.D. Wash. Nov. 2, 2009) and *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995). These decisions also have been overruled by *Vaden* and *Badgerow* to the extent they look through petitions not filed under Section 4 of the FAA, and, in any event, they are not binding on this Court. *See Hall*, 559 F. Supp. 2d at 782.

*Corp.*, No. 09-cv-2771, 2009 WL 1531850, at *2 (C.D. Cal. June 1, 2009) ("In *American Guaranty Co. v. Caldwell*…, a case involving a petition to vacate an arbitration award, the Circuit stated, without explanation, that 'it is the amount in controversy which determines jurisdiction, not the amount of the award.' …But not only is the significance of the quoted language left uncertain in the opinion, the *Caldwell* court was also confronted with a different procedural posture than the case at bar…. Thus, because of its unique facts, *Caldwell* is not controlling here.").

(3) *Amtax Holdings v. KDF Communities-Hallmark, LLC*, No. 8:17-cv-01899, 2018 WL 4743386 (C.D. Cal. Jan. 9, 2018) is a declaratory judgment case seeking to avoid arbitration (not a petition to compel arbitration) and it relies on *Theis Research* and *CarMax*, which have been overruled by *Vaden* and *Badgerow* as set forth above.[2] In addition, *Vaden* noted that "[t]his Court's declaratory judgment jurisprudence in no way undercuts our analysis…. Like § 4 itself, the Declaratory Judgment Act does not enlarge the jurisdiction of the federal courts; it is 'procedural only.' Thus, even in a declaratory judgment action, a federal court could not entertain Discover's state-law debt-collection claim." 556 U.S. at 70.

(4) *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 (9th Cir. 2002) dealt with a state-law trademark infringement case seeking an injunction (not a petition to compel arbitration) and involved a letter that sought to settle the lawsuit for more than the jurisdictional amount in controversy, which did not occur here.

(5) *Sekhon v. BAC Home Loans Servicing LP*, 519 F. App'x 971, 972 (9th Cir. 2013) sought a declaration cancelling $505,000 in promissory notes (not a petition to compel arbitration).

---

[2] *Amtax* also relies on *Goldman, Sachs & Co. v. Golden Empire Schools Fin. Auth.*, 764 F.3d 210 (2d Cir. 2014); *Webb v. Investacorp, Inc.*, 89 F.3d 252 (5th Cir. 1996); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3rd Cir. 1995); and *Doctor's Associates, Inc. v. Hamilton*, 150 F.3d 157 (2d Cir. 1998). These decisions also have been overruled by *Vaden* and *Badgerow* to the extent they look through petitions not filed under Section 4 of the FAA, and, in any event, are not binding on this Court. *See Hall*, 559 F. Supp. 2d at 782.

(6) The plaintiffs in *Optimum* "d[id] not dispute the existence of diversity jurisdiction." *Optimum Prods. v. Home Box Off.*, No. 19-cv-1862, 2019 WL 2331466, at *3 (C.D. Cal. May 23, 2019). However, that fact is irrelevant because parties cannot consent to federal subject matter jurisdiction. *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Petitioners do dispute the existence of diversity jurisdiction in this case.

### 3. The Amount in Controversy Is Not Apparent from the Petition

Respondent argues that its Notice of Removal demonstrates that the amount in controversy in excess of $75,000 is apparent from the Petition. Mem. in Opp'n at 6. However, Respondent's Notice clearly "looks through" the Petition to the underlying demands for arbitration, which is not permitted as explained above. Respondent's Notice states: "Petitioners seek statutory damages of $2,500 per violation under the VPPA, $5,000 per violation under CIPA, and $500 per violation under California Civil Code section 1799.3. As part of the underlying arbitrations, Petitioners' counsel alleged that a violation occurs 'every time [Respondent] sent a third-party information about a particular video [the claimant] watched on [Respondent's] platform.'" Notice ¶ 16.

Contrary to Respondent's assertion, Petitioners have and do contest Respondent's allegations concerning the amount in controversy. Mem. in Supp. at 2 ("[T]he Petition does not allege…an amount in controversy."); *id*. at 4 ("Respondent cites no claim in the Petition that alleges an amount in controversy to establish diversity jurisdiction."); *id*. ("[The Petition] does not…allege an amount in controversy."); *id*. at 4 n.1 ("[Respondent] does not argue in its Notice that the arbitration fees it will be required to pay should it be compelled to arbitrate can be counted in the amount in controversy. It cannot make that argument now."); id. at 8 ("Because the Petition is not filed under Section 4 of the FAA, this Court has no authority to look beyond the Petition for jurisdiction, and the Petition conveys no…diversity jurisdiction on this Court."). Because Petitioners have contested Respondent's allegations, "the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee v.*

*Owens*, 574 U.S. 81, 88 (2014). Respondent's claims as to the amount in controversy, however, consist of nothing more than "mere speculation and conjecture, with unreasonable assumptions," and therefore "cannot establish removal jurisdiction." *Ibarra v. Manheim Invs.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

In its Memorandum, but not in its Notice, Respondent argues that the "exhibits" attached to the Petition are to be considered by the Court in determining subject matter jurisdiction. Mem. in Opp'n at 7. This Court should not consider Respondent's new/amended removal argument because it was not made in its Notice. *ARCO Env't Remediation, L.L.C. v. Dep't of Health*, 213 F.3d 1108, 1117 (9th Cir. 2000) (stating that a removing party "may not amend its Notice of Removal to state alternative bases for removal jurisdiction"). However, even if the Court considers this new argument, the argument fails. The exhibits include and refer to the demand for arbitration. Respondent's argument, again, invites the Court to "look through" the Petition to the underlying arbitration demands, which is not permitted as explained above.

In its Memorandum, but not in its Notice, Respondent argues that two allegations in the Petition—paragraphs 15 and 159—form the basis for determining the amount in controversy. Mem. in Opp'n at 7. This Court should not consider Respondent's new/amended removal argument because it was not made in its Notice. *ARCO*, 213 F.3d at 1117. However, even if the Court considers this new argument, it, too, fails. Paragraph 15 simply states that the Petitioners "are attempting to arbitrate individual claims" under privacy statutes with no allegation of an amount in controversy. Petition, ECF No. 1–2. Paragraph 159 simply states that "[a]ll applicable statute(s) of limitations have been tolled by Respondent's knowing and active concealment and denial of the facts of its violation" of the privacy law with no allegation of an amount in controversy. *Id.*

In its Memorandum, but not in its Notice, respondent argues that Petitioners' claims may be aggregated to reach the required amount in controversy. Mem. in Opp'n at 8. This Court should not consider Respondent's new/amended removal argument because it was not made in its Notice. *ARCO*, 213 F.3d at 1117. However, even if the

Court considers this new argument, this argument also fails. Courts have long held that plaintiffs cannot aggregate claims to meet the amount in controversy requirement. When several plaintiffs bring separate and distinct claims, the "anti-aggregation rule" requires a federal court to determine the amount in controversy by analyzing the value of each plaintiff's claim separately, without aggregating the claims brought by any other plaintiff. *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 850 (9th Cir. 2020); *Snyder v. Harris*, 394 U.S. 332, 335 ("[S]eparate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement.").

In its Memorandum, but not in its Notice, Respondent argues that the Court may consider evidence submitted in its opposition to Respondent's motion to dismiss or transfer. Mem. in Opp'n at 9. Specifically, Respondent cites the declarations from five Petitioners submitted in opposition. *Id.* This Court should not consider Respondent's new/amended removal argument because it was not made in its Notice. *ARCO*, 213 F.3d at 1117. However, even if the Court considers this new argument, the argument once again fails. Nothing in those declarations allege an amount in controversy. Furthermore, jurisdiction is decided at the time of remand and cannot be based on subsequent events evidence submitted during motion practice. *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1277 (9th Cir. 2017) ("[T]he circuits have unanimously and repeatedly held that whether remand is proper must be ascertained on the basis of the pleadings at the time of removal.") (citing, among other cases, *In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d 379 (7th Cir. 2010)); *see also In re Burlington*, 606 F.3d at 380 ("The well-established general rule is that jurisdiction is determined at the time of removal, and nothing filed after removal affects jurisdiction.") (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938)).

Respondent fails to acknowledge that the removal statute only allows state court cases to be removed to federal court if the case could have been filed in federal court originally under either diversity or federal question jurisdiction. 28 U.S.C. § 1441(a). It is Respondent's burden to prove jurisdiction by a preponderance of the evidence. *Gaus*

*v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992). When a case is filed in a state court and then removed, "[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end." *St. Paul Mercury Indem. Co.*, 303 U.S. at 290. Considering there are two (and only two) allegations in the Petition that Respondent points to as possibly establishing an amount in controversy, both of which allege no amounts, it is clear that the Petition could not have been filed in federal court originally under diversity jurisdiction and that Respondent has failed its burden to show jurisdiction.

**B.    There Is No Federal Question Jurisdiction**

Respondent's only argument for federal question jurisdiction is that that the Court "must treat the Petition as one made under Section 4 of the FAA." Mem. in Opp'n at 10. This argument lacks merit.

First, Petitioners are "the master[s] of [their] complaint [petition] for jurisdictional purposes." *Hawaii v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1040 (9th Cir. 2014). As the master of the Petition, Petitioners "may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Thus, it is the Petitioners who determine what to plead, and they did not plead their Petition under Section 4 of the FAA.

Second, despite Petitioners being the masters of their Petition and despite Petitioners not pleading their Petition under Section 4 of the FAA, Respondent attempts to make a complex argument that somehow this Court can treat the Petition as if it was made under Section 4 of the FAA. Respondent's argument, it appears, proceeds in three parts: First, Respondent argues that the FAA "governs the enforceability of arbitration agreements in contracts involving interstate commerce." Mem. in Opp'n at 10. Second, Respondent asserts that "Petitioners cannot disavow the FAA in favor of § 1281.2 of the CAA because California procedures do not apply to this dispute." *Id.* at 12. And third, Respondent contends that "[t]his court thus should do as other courts have done with petitioners improperly brought under state arbitration law—treat them as petitions under

the FAA." *Id.* at 12. The problem with Respondent's complex, patchwork argument is that it cites absolutely zero cases that reach this result.

(1) *Ortiz-Espinosa v. BBVA Sec. of Puerto Rico, Inc.*, 852 F.3d 36, 41 (1st Cir. 2017) dealt with a petition to vacate an arbitration award (not a petition to compel arbitration) and has been overruled by *Badgerow*. *Ortiz* also relied on a faulty reading of *Hall Street Associates v. Mattel, Inc.*, 552 U.S. 576, 590 (2008). *Ortiz* read *Hall* as holding that the FAA "may be displaced by state law (if at all) only if the parties have so agreed explicitly." 852 F.3d at 42. But the issue in *Hall* was whether the grounds listed in Section 10 for vacating an arbitration award are exclusive or whether the parties expand those grounds to include other considerations by agreement. *Hall*, 552 U.S. at 583. *Hall* held that Sections 10 provides the FAA's exclusive grounds and the parties could not add to those grounds by agreement because of "the old rule of *ejusdem generis*…[provides that] when a statute sets out a series of specific items ending with a general term, that general term is confined to covering subjects comparable to the specifics it follows." *Id.* at 586.

Nothing in *Hall* leads to the conclusion reached by *Ortiz* nor the conclusion advocated by Respondent that a Court can turn a state-law petition into a FAA Section 4 petition to compel. *Biller v. Toyota Motor Corp.*, 668 F.3d 655, 664 (9th Cir. 2012) ("*Hall Street's* holdings then stand for the proposition that § 10 of the FAA provides the exclusive means by which a court reviewing an arbitration award under the FAA may grant vacatur of a final arbitration award, and that such review under the FAA is limited. Indeed, § 10 of the FAA provides no authorization for a merits review.").

(2) *Renard v. Ameriprise Fin. Servs., Inc.*, 778 F.3d 563 (7th Cir. 2015) dealt with a petition to vacate an arbitration award (not a petition to compel arbitration). Section 10 of the FAA authorizes petitions to vacate arbitration awards and the Supreme Court has never held that Section 10 applies to the States. *Badgerow*, 596 U.S. at 8 n.2 ("We have never decided whether the FAA's more procedural provisions, including Sections 4 and 9 through 11, also apply in state courts."). However, "the FAA's core substantive

requirement—Section 2's command to enforce arbitration agreements like other contracts—applies in state courts, just as it does in federal courts." *Id.*

But the only thing that the Section 2 of the FAA requires of the States is "to provide certain enforcement mechanisms equivalent to the FAA's" Section 3 and 4, and the Court found that the CAA does just that. *Id.* ("And most, if not all, States in fact provide procedural vehicles, similar to those in the FAA, to enforce arbitration agreements— including, as here, to resolve post-arbitration disputes by means of confirming, modifying, or vacating arbitral awards." (citing the California Code of Civil Procedure)).

(3) *Wilkins v. PayPal, Inc.*, No. 23-CV-02931-VKD, 2023 WL 5420228, at *3 (N.D. Cal. Aug. 22, 2023) dealt with a petition to vacate an arbitration award (not a petition to compel arbitration). *Wilkins* relies on Section 2 of the FAA and on *Johnson v. Gruma Corp.*, 614 F.3d 1062 (9th Cir. 2010). *Johnson* itself relies on the Supreme Court's decision in *Moses H. Cone v. Mercury Constr.*, 460 U.S. 1 (1983), which held that Section 2 "create[s] a body of federal substantive law of arbitrability." 460 U.S. at 24. Respondent has articulated no reason how Section 1281.2, which permits a party to bring a petition to compel arbitration, runs afoul of Section 2's "body of federal substantive law of arbitrability." *Id.* at 24. If Section 1281.2 did run afoul of Section 2, then there could be no state laws permitting a party to file a petition to compel arbitration because all of them would be preempted by the FAA. But the Supreme Court has held that the FAA does not preempt the field of arbitration. *Volt Info. v. Bd. of Trs.*, 489 U.S. 468, 477 (1989) ("The FAA ... does [not] reflect a congressional intent to occupy the entire field of arbitration.").

This gets to the core of Respondent's argument here. What Respondent is actually arguing is for a ruling from this Court that the FAA preempts the entire field of arbitration, leaving no room for the CAA. However, as noted above, the Supreme Court has held that the FAA does not preempt the field of arbitration. *Volt*, 489 U.S. at 477. Rather, "the preemptive scope of the FAA" is "focused on cases involving state laws or judge-made rules that single out executed arbitration agreements and prevent the enforcement of such agreements according to their terms." *Chamber of Com. of the*

*United States of Am. v. Bonta*, 62 F.4th 473, 483 (9th Cir. 2023).

"The Court has held that such state laws and rules are preempted by § 2 of the FAA, which provides that 'an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract…' Based on the purpose of the FAA and the language of § 2, the Court has established an 'equal-treatment principle,' which 'requires courts to place arbitration agreements on equal footing with all other contracts.'" *Id.* (cleaned up).

Clearly, Respondent is on the wrong side of the preemption argument because it is Respondent who does not want to arbitrate while it is Petitioners who do want to arbitrate. Nothing about Petitioner's choice to file the Petition under the CAA "prevent[s] the enforcement of [the parties' arbitration' agreement[] according to [its] terms." *Id.* Nothing in the FAA preemption analysis leads to the conclusion that a Court can turn a state-law petition to compel into a FAA Section 4 petition to compel.

Thus, this Court must reject Respondent's invitation of find that "the FAA governs this Petition and the look-through approach establishes federal question jurisdiction." Mem. in Opp'n at 13. There is simply no support for Respondent's argument to treat the Petition as if it were filed under FAA Section 2 when it was not.

### III.   CONCLUSION

Based on the foregoing points and authorities, Petitioners respectfully request that this Court grant Petitioners' Motion and remand this action to the California Superior Court for the County of Los Angeles.

Respectfully submitted,

ZIMMERMAN REED LLP

Date: December 27, 2023      By:   /s/ Jeffrey J. Harrington
Caleb Marker
6420 Wilshire Blvd., Suite 1080
Los Angeles, CA 90048
Tel: (877) 500-8780
Fax: (877) 500-8781
Email: caleb.marker@zimmreed.com

1
2
3
4
5

ZIMMERMAN REED LLP

Jeffrey J. Harrington (*Pro hac vice*)
80 South 8th Street, 1100 IDS Center
Minneapolis, MN 55402
Tel: (612) 341-0400
Fax: (612) 341-0844
Email: jeffrey.harrington@zimmreed.com

*Attorneys for Petitioners*

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28