JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-9573 PA (AGRx) | Date | January 2, 2024 |
|---|---|---|---|
| Title | Joseph Amescua et al. v. Peacock TV LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Lynnie Fahey | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS–COURT ORDER

Before the Court is a Motion to Remand filed by petitioners Joseph Amescua, Jenna Harbin, Christopher Barulick, Micheliah Island and Tyler McDaniel ("Petitioners") (Docket No. 14.) On December 18, 2023, Peacock TV LLC ("Respondent" or "Peacock") filed an Opposition. (Document No. 19.) Petitioners filed a Reply in Support of their Motion to Remand on December 27, 2023. (Docket No. 23.) Also before the Court is Respondent's Motion to Dismiss Petition or Transfer Venue (Docket No. 11.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds these matters appropriate for decision without oral argument, and the hearings calendared for January 8, 2024 are vacated and removed from the Court's calendar. For the reasons discussed below, the Court grants Petitioners' Motion to Remand and denies Respondent's Motion to Dismiss Petition or Transfer Venue as moot.

On November 13, 2023, Respondent filed a Notice of Removal, removing this action – a Petition to Compel Arbitration – originally filed by Petitioners in Los Angeles County Superior Court. (Docket No. 1.) In its Notice of Removal, Respondent asserts that the Court possesses federal question jurisdiction pursuant to 28 U.S.C. § 1331 based on the Federal Arbitration Act ("FAA") and the underlying federal claim Petitioners seek to arbitrate. Respondent additionally alleges that this Court possesses diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). Petitioners' Motion to Remand contends that Respondent has not met its burden of demonstrating the Court's federal question or diversity jurisdiction.

## I.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-9573 PA (AGRx) | Date | January 2, 2024 |
|---|---|---|---|
| Title | Joseph Amescua et al. v. Peacock TV LLC | | |

removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

**II.     ANALYSIS**

   **A.     Federal Question Jurisdiction**

Respondent's Notice of Removal alleges that the Court possesses federal question jurisdiction based on the FAA and the federal claim underlying the Petition to Compel Arbitration in this case. (Notice of Removal ¶¶ 9-10.) Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint." Id. at 392. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, the plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392. There is no federal question jurisdiction simply because there is a federal defense to the claim. Id. The only exception to this rule is where a plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

Here, Respondent asserts that this Court has original jurisdiction of this action because it arises under the laws of the United States – namely, the FAA and the claim Petitioners seek to arbitrate, alleged violations of the Video Privacy Protection Act ("VPPA"). In support of this assertion, Respondent cites Vaden v. Discovery Bank, 556 U.S. 49, 62 (2009) for the proposition that there is original jurisdiction over a petition to compel arbitration when the underlying claim that the petitioner seeks to arbitrate arises under federal law. (Notice of Removal ¶ 9.) Respondent's reliance on Vaden, however, is misplaced.

In Vaden, the Supreme Court analyzed whether federal courts have subject-matter jurisdiction over a petition to compel arbitration brought under § 4 of the FAA. The Vaden

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-9573 PA (AGRx) | Date | January 2, 2024 |
|---|---|---|---|
| Title | Joseph Amescua et al. v. Peacock TV LLC | | |

Court held that although the FAA does not itself confer federal jurisdiction, because a "federal court may 'look through' a § 4 petition to determine whether it is predicated on an action that 'arises under' federal law," jurisdiction over a § 4 petition exists where the underlying controversy arises under federal law. 556 U.S. at 62. In Badgerow v. Walters, the Supreme Court made clear that this holding was premised on the express language of section 4 of the FAA. 596 U.S. 1, 9-10 (2022).

Here, however, Petitioners did not bring a section 4 petition to compel arbitration – the Petition was brought under California Code of Civil Procedure §1281.1. (Petition ¶ 39). The well-pleaded complaint rule requires that federal jurisdiction be presented on the face of a properly pleaded complaint, making a plaintiff (or petitioner) the master of the claim. Caterpillar, 482 U.S. at 392. Thus because Petitioners chose to bring their Petition under California state law and did not move to compel arbitration under FAA § 4, the Supreme Court's authorization to 'look through' a Petition to an underlying federal claim does not apply. See Anoke v. Twitter, Inc., No. 23-CV-02217-SI, 2023 WL 4234392, at *3 (N.D. Cal. June 27, 2023) (district court's decision to grant motion to remand petition to compel arbitration filed under state law guided by "the Supreme Court's instruction that Vaden's "look-through" holding is limited to § 4 petitions, as well as by the principle that removal jurisdiction must be strictly construed in favor of remand"). Accordingly, the Court concludes that it lacks federal question jurisdiction over the Petition in this matter.

### B. Diversity Jurisdiction

Respondents also assert that this Court's diversity jurisdiction. In attempting to invoke this Court's diversity jurisdiction, Repsondent must plausibly allege that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332; see also Academy of Country Music v. Continental Cas. Co., 991 F.3d 1059, 1068 (9th Cir. 2021). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the place they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-9573 PA (AGRx) | Date | January 2, 2024 |
|---|---|---|---|
| Title | Joseph Amescua et al. v. Peacock TV LLC | | |

In the Notice of Removal, Respondent alleges:

> Peacock is a limited liability company...Here, NBCUniversal Media, LLC is the sole member of Peacock TV LLC and a citizen of New York (its principal place of business) and Delaware (its state of incorporation). NBCUniversal Media, LLC is directly and indirectly owned by various LLCs and corporations, all of which are citizens of either Pennsylvania and/or Delaware, and roll up to Comcast Corporation, a citizen of Pennsylvania.

(Notice of Removal ¶ 13.) These allegations fail to specifically identify Respondent's member's members and allege each one's citizenship. This is significant because if any of these entities is itself a corporation or an LLC, Respondent must be able to affirmatively allege that member's citizenship in order to satisfy its burden. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); 28 U.S.C. § 1332(c)(1) (A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business.). See also, Rolling Greens MHP L.P. v. Comcast SCH Holdings, L.L.C., 374 F.3d 1020 (11th Cir. 2004) (to sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership); Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 F. App'x 62, 64 (9th Cir. 2011) (holding that an allegation that no member of a defendant LP "is an Oregon citizen," without identifying the actual state of citizenship of the LP's members or whether the members were composed of another layer of business entities, was insufficient to establish complete diversity). Respondent thus fails to adequately establish its own citizenship, and as a result, has failed to meet its burden of establishing the Court's diversity jurisdiction.

## Conclusion

Thus, based on Respondent's failure to satisfy its burden to adequately allege a basis for the Court's subject matter jurisdiction, the Court grants Petitioner's Motion to Remand (Docket No. 14.) Accordingly, this action is hereby remanded to Los Angeles County Superior Court, Case Number 23STCP03733, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c). The Court denies Respondent's Motion to Dismiss Petition or Transfer Venue (Docket No. 11) as moot.

IT IS SO ORDERED.