Caleb Marker (SBN 269721)
ZIMMERMAN REED LLP
6420 Wilshire Blvd., Suite 1080
Los Angeles, CA 90048
Tel: (877) 500-8780
Fax: (877) 500-8781
Email: caleb.marker@zimmreed.com

Jeffrey J. Harrington (*Pro hac vice*)
ZIMMERMAN REED LLP
80 South 8th Street, 1100 IDS Center
Minneapolis, MN 55402
Tel: (612) 341-0400
Fax: (612) 341-0844
Email: jeffrey.harrington@zimmreed.com

*Attorneys for Petitioners*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH AMESCUA, et al.,<br><br>　　　　　　　Petitioners,<br><br>　　v.<br><br>PEACOCK TV LLC,<br><br>　　　　　　　Respondent. | Case No.: 2:23-CV-09573-PA (AGRx)<br><br>**PETITIONERS' MEMORANDUM IN OPPOSITION TO RESPONDENT'S MOTION FOR RECONSIDERATION OF REMAND ORDER**<br><br>Judge: Hon. Percy Anderson<br><br>Hearing Date: February 26, 2024<br>Hearing Time: 1:30 p.m.<br>Courtroom:　　9A, 9th Floor<br><br>Action Filed: November 13, 2023 |

1  Petitioners Amescua et al. ("Petitioners") respectfully request that this Court deny Respondent Peacock TV LLC's ("Respondent") motion to reconsider the Court's Minute Order (ECF 30).

In its Minute Order, the Court held that Respondent "fails to adequately establish its own citizenship, and as a result, has failed to meet its burden of establishing the Court's diversity jurisdiction," and therefore remanded the case to the Los Angeles County Superior Court for lack of subject matter jurisdiction. *See* ECF 30 ("Minute Order") at 4.

On reconsideration, Respondent argues that the Court should reconsider its Minute Order under Local Rule 7-18 because the Court "inadvertently failed to consider facts [Respondent] presented at the time of removal in a way that constitutes manifest error." ECF 35 ("Motion") at 2. Local Rule 7-18 states that a motion for reconsideration may be made upon "a manifest showing of a failure to consider material facts presented to the Court before the Order was entered." However, Respondent has not made the "manifest showing" required to grant the "extraordinary remedy" of reconsideration. *Bettis v. Treasurer*, No. 23-cv-7947, 2023 WL 9375190, at 2 (C.D. Cal. Nov. 22, 2023) (Anderson, J.).

First, Respondent has not shown that Court "fail[ed] to consider material facts presented to the Court" by Respondent. In its Notice of Removal, Respondent made allegations concerning its citizenship. *See* ECF 1 ("Notice of Removal") ¶ 13. The Court considered Respondent's citizenship allegations. *See* Minute Order at 4. Clearly, the Court did not fail to consider material facts presented to the Court by Respondent considering Respondent's citizenship.

Respondent claims that the Court should have considered Respondent's Rule 7.1 Disclosure, which it filed separately from its Notice of Removal. Motion at 2–3; *see also* ECF 3 ("Disclosure"). Specifically, Respondent claims that the Court should have considered a footnote to its Disclosure. Motion 2–3. However, Respondent did not cite its Disclosure in its Notice of Removal. Defendant cannot expect the Court to search the docket to find facts to support its claim of diversity jurisdiction. *See Shayler v. MMWH*

*Grp. LLC*, No. 20-cv-10051, 2022 WL 17080183, at *7 (C.D. Cal. Sept. 2, 2022) ("The Court cannot be expected to dig through the docket without any direction from [Respondent] and figure out which of [Respondent's filings] the Court should [review].").

Second, even if Respondent had cited its Disclosure in its Notice of Removal, the Disclosure does not adequately allege a basis for diversity jurisdiction. As noted in the Minute Order, "Respondent must plausibly allege that there is complete diversity of citizenship between the parties." Minute Order at 3. "The citizenship of an LLC is the citizenship of its members." *Id.* If any member of an LLC is itself an LLC, "Respondent must be able to affirmatively allege that member's citizenship in order to satisfy its burden." *Id.* at 4.

Respondent's Disclosure fails to specifically identify Respondent's (Peacock TV LLC's) member's (NBCUniversal Media, LLC's) members' (thirteen LLCs' and eight corporations') members and allege each one's citizenship. Respondent's Disclosure states that Peacock TV LLC has one member, NBCUniversal Media, LLC, which itself has twenty-one members—thirteen LLCs and eight corporations. *See* Disclosure at n.1. To take but one example: One of the thirteen LLC members of NBCUniversal Media, LLC is Comcast Navy Acquisition, LLC, but Respondent does not identify the members of Comcast Navy Acquisition, LLC, or the citizenship of those members. The same information is lacking for the members of the other twelve LLC members and the owners of the eight corporation members of NBCUniversal Media, LLC and the citizenship of those members or owners.

Respondent relies on its allegation in its Disclosure that "NBCUniversal Media, LLC is directly and indirectly owned by various LLCs and corporations,[1] all of which are citizens of either Pennsylvania and/or Delaware and roll up to Comcast Corporation, a citizen of Pennsylvania." Motion at 3  (footnote one is original and is where the members of NBCUniversal Media, LLC are listed). But this allegation fails to specifically allege *which* LLCs and corporations are citizens of Pennsylvania, or Delaware, or Pennsylvania and Delaware.

Furthermore, Respondent's allegation only goes as far as identifying the twenty-one members of NBCUniversal Media, LLC and the citizenship of those members. Respondent does not go further and identify the next tier of members and owners of each of the twenty-one members of NBCUniversal Media, LLC. *See Dance Fitness Michigan, LLC v. AKT Franchise, LLC*, No. 23-cv-01643, 2023 WL 7549894, at *4 (C.D. Cal. Nov. 13, 2023) ("The Court requires a complete [Rule 7.1] disclosure statement. Where a party is an LLC or partnership, it shall disclose the citizenship of each partner/owner/member. And where any such LLC or partnership is a partner/owner/member, it shall disclose its partners/owners/members, and shall do so for each successive tier. This includes the citizenship of those members of Holdings that AKT did not disclose in its amended disclosure and any partner/owner/member at a successive tier."). Respondent's Disclosure therefore is not sufficient to support diversity jurisdiction.

Accordingly, because Respondent has not made the manifest showing required to grant the extraordinary remedy of reconsideration, Petitioners respectfully request that this Court deny Respondent's motion to reconsider its Minute Order (ECF 30).

Respectfully submitted,

ZIMMERMAN REED LLP

Date: February 5, 2024     By:    /s/ Jeffrey J. Harrington
Caleb Marker
6420 Wilshire Blvd., Suite 1080
Los Angeles, CA 90048
Tel: (877) 500-8780
Fax: (877) 500-8781
Email: caleb.marker@zimmreed.com

Jeffrey J. Harrington (*Pro hac vice*)
80 South 8th Street, 1100 IDS Center
Minneapolis, MN 55402
Tel: (612) 341-0400
Fax: (612) 341-0844
Email: jeffrey.harrington@zimmreed.com

*Attorneys for Petitioners*